McCALEB, Justice.
This is a suit by a widow against the children of her deceased husband by another marriage to annul a purported contract, by which she settled with them her interest in the community property, and also to set aside and reform an ex parte judgment of recognition and possession rendered in the succession proceedings of her husband (which fixed her interest in the community) on the ground that certain property listed in the inventory as separate property belonged to the community. Plaintiff’s cause of action is founded on fraud and error of law and fact, it being alleged that she is an elderly lady, unable to read or write, inexperienced in business or financial matters and that the defendants, being well aware of her ignorance, secured her signature to the contract of settlement by misrepresenting that certain property belonged to the separate estate of their father when, in truth, said property formed part of the marital community.
After the overruling of an exception of no cause of action, which they had interposed in limine, defendants answered denying the material charges made by plaintiff and prayed that the suit be dismissed. Following a hearing on the merits, there was judgment in plaintiff’s favor, as prayed for. Defendants have appealed.
The defendants are the six children of Felix Bruyninckx, issue of his marriage to Mary Vandersypen, who died in June 1927. *749 On September 10th 1928, Bruyninckx married plaintiff. Nó children were born of this marriage. He died on November 1st 1947. His succession was duly opened in the court below, defendants being recognized as his heirs at law and plaintiff as his surviving spouse in community. An inventory was taken of the succession effects, wherein certain property is listed as separate property of the decedent and other property, classed as community, is appraised at $3225.00. Subsequent to an ex parte judgment placing the interested parties in possession in their respective qualities as .heirs and surviving spouse, plaintiff transferred, on March 25th 1948, her one-half interest in the community property to the defendants for $1546.36. This is the agreement which she contends is null.
The defendants’ exception of no cause of action was not pressed in oral argument in this court but defense counsel reurge it in their brief. We find no merit whatever in it as the allegations of the petition plainly disclose a cause for which relief will be granted. Specific allegations are made respecting imposition by defendants upon plaintiff as well as averments of error of fact and law sufficient, if proved, to annul the contract under familiar codal provisions. Articles 1841 through 1847 of the 'Civil Code. Additionally, it is manifest that the so-called contract lacked consideration as plaintiff was given no more than that to which she was entitled under the judgment of possession.
Apparently, the point of defense counsel on the exception is that plaintiff may not have the judgment of possession amended-in this proceeding. There is no substance in this suggestion for the simple reason that the "ex parte judgment was properly attacked and sought to be revised in the Court which rendered it.
On the merits, defendants make two contentions, (1) that plaintiff has failed to prove her charges of misrepresentation and fraud and (2) alternatively, that the judge erred in refusing to hear evidence which they sought to tender for the purpose of showing that certain property was correctly inventoried as separate property, despite the legal presumption in favor of the community.
The first proposition of defendants is not at all impressive as plaintiff’s evidence is most convincing that, aside from any misrepresentations, she was acting under an error of fact and law when she executed the so-called contract in full settlement of her community interest.
The evidence in the case exhibits that the inventory in the Succession of Felix Bruyninckx erroneously listed the -following items as belonging to the separate estate of the decedent.
1. $3839.47 on deposit in the Security National Bank of Alexandria, Louisiana (being cash found in ■ the safe kept in the home.)
2. $1272.46 on deposit in Guaranty Bank & Trust Company of Alexandria, *751 which was exposed to the additional error that the amount of the deposit was actually $4971.
3. 20 Shares of stock of the Rapides Building and Loan Association, valued at $2000, which had been purchased during the second marriage.
4. 4 Shares of Refrigerated Products, Inc.[1] and
5. A Vi2 interest in real estate.
We say erroneously inventoried as separate property because under our law, Article 2405 of the Civil Code,[2] all the succession effects were presumed to belong to the community. And, as to the latter item, the %2 interest in the real estate which was purchased during the marriage, the presumption -was conclusive against the husband. See Slaton v. King, 214 La. 89, 36 So.2d 648 and the long lisl of authorities therein cited in support of the well-established doctrine that purchases of real estate in the name of the husband during the marriage create a presumption in favor of the community, juris et de jure, in the absence of a double declaration in the deed that the property is acquired with his separate funds and for his separate estate.
 The presumption in favor of the community provided by Article 2405 is rebuttable by the husband (as it is by the wife) in all cases, excepting his purchases of real property during the marriage. Kittredge v. Grau, 158 La. 154, 103 So. 723. Counsel for plaintiff do not suggest that the exception should be extended to the husband’s purchases of movables. Their contention is that the defendants have offered no evidence to overcome the presumption in favor of the community and we find from the record that the point is well founded.
Defense counsel concede that the items of cash and stock purchased by the husband during the marriage are presumed to be community property but they claim that the judge refused to let them offer evidence to show that these items were part of the husband’s separate estate. Counsel maintain that the item of $4971 cash in the Guaranty Bank is separate property because the savings account had been kept by Mr. Bruyninckx before his marriage to plaintiff and they direct our attention to the bank ledger offered in evidence which shows that, prior and immediately subsequent to the marriage, there was $7000 contained in the account.
*753 The defect in this argument is that the bank ledger also discloses that, throughout the 19 years of the existence of the community, numerous substantial deposits of funds belonging thereto had been indiscriminately placed in the Guaranty Bank savings account. Accordingly, there was a commingling of monies and it would be utterly impossible to determine what part of the balance now remaining in the savings account is attributable to the separate estate. Succession of Land, 212 La. 103, 31 So.2d 609, relied on by counsel, is clearly distinguishable in that, there, it was found that the community funds deposited in Mrs. Land’s commercial account were inconsequential.
In regard to the item of $3839.47 cash which was removed from the safe in the home and deposited in the Security National Bank after the death of Mr. Bruyninckx, counsel assert that the judge refused to permit them to introduce evidence to show that these funds were separate property. But the record does not disclose that counsel tendered any evidence to show that the cash belonged to the husband’s separate estate.
Furthermore, it appears from counsels’ brief that the proof, which they say they desired to offer, consists of statements made by the husband during his lifetime that he divided the earnings of the second community, keeping his half in the safe and that 'he gave plaintiff her half which she deposited in a separate account. Aside from the inadmissibility of such hearsay self-serving declarations, the evidence, if received, would not support a ruling that the money in the safe became-the separate property of the husband. All-earnings of either husband or wife during marriage fall into the community. Articles. 2334 and 2402 of the Civil Code.
This leaves for consideration the question of whether the judge erred in refusing to admit certain evidence respecting the acquisition of the Rapides Building and Loan Association stock. It is the contention of the defendants that this stock is part of an original purchase of 40 shares made iby Mr. Bruyninckx on January 2nd, 1929, shortly after his marriage to plaintiff; that, on the same date, he withdrew from his savings account in the Guaranty Bank the sum of $4000 to make the purchase and that, at the time of the withdrawal, the funds in the Guaranty Bank had not yet been commingled with the funds of the community. In order to establish this ■contention, defense counsel placed the Secretary of the Association on the witness stand and, after having her identify the certificate for 20 shares dated July 1st 1931 standing in the name of Mr. Bruyninckx, asked her whether that was the only stock he had ever owned in the Association. Upon objection of counsel for plaintiff, the court requested defense counsel to state the purpose of the question, otherwise, the objection would be sustained. Whereupon, counsel declared that he was attempting *755 to show “that this certificate along with its ■companion twenty shares that were cashed in, were acquired and purchased with separate funds and that that is the evidence I want to get before this Court.” Despite this, the Court ruled that counsel could not further explore the matter.
We think that this was error. If counsel ■could have proved, by the evidence of the Secretary of the Building and Loan Association, that the certificate for 20 shares was part of an original 40 shares which Mr. Bruyninckx purchased on January 2nd 1929, the same day on which he withdrew the $4000 from the savings account in Guaranty Bank, this would have been sufficient, in the absence of countervailing testimony, to authorize a resolution that the money withdrawn from the savings account was used to purchase the stock and, thus, ample to warrant a holding that the stock was purchased with the separate property of Mr. Bruyninckx—for it is shown by the ledger sheets of the bank that, at the time of his marriage (September 10th 1928), Mr. Bruyninckx had $7000 ■on deposit in the savings account which had not, on January 2nd 1929 (the date of the withdrawal), become commingled with any funds belonging to the community. Therefore, the case will he remanded for consideration of further evidence on this question;
The judgment appealed from, insofar as it decrees the 20 shares of stock in Rapides Building and Loan Association to be community property, is annulled and set aside and the case is remanded for the reception of further evidence on the question of the status of this stock. In all other respects, the judgment is affirmed. The costs of this appeal are to be borne equally by the opposing litigants.

. This stock, acquired during the marriage, was appraised as valueless. No evidence was offered to rebut the presumption in favor of the community and consequently no contest is made in this court with respect to this item.

. The Article provides: “At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be- satisfactorily-proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited.”