462 So.2d 1356 (1985)
Gayle Younce PATIN, Plaintiff-Appellant,
v.
Connie PATIN, Defendant-Appellee.
No. 84-93.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied April 1, 1985.
*1357 Stanford B. Gauthier, II, of Gauthier and Cedars, Breaux Bridge, for defendant-appellee.
Charles Brandt, Lafayette, for plaintiff-appellant.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
These proceedings eminate from the separation and the resulting partition of the community of acquets and gains which formerly existed between the parties. Although this case was decided separately from the case of Patin v. Patin, 462 So.2d 1362 (La.App. 3rd Cir.1983), the two cases have been consolidated on appeal. We will consider issues involved in both cases herein but will render a separate opinion in No. 84-807.
The reviewable issues herein deal with the trial court's decision concerning the separation of community property pursuant to La.R.S. 9:2801.
After an extensive review of the records we have determined that this case, No. 84-93, deals with the actual partition of the community property and case No. 84-807 deals with a subsequent proceeding to *1358 make executory a judgment rendered in No. 84-93.
These proceedings originated when Gayle Patin filed a petition for legal separation on January 25, 1982. An answer was filed by the defendant.
A rule for alimony was fixed for March 5, 1982. After hearing a judgment was signed which awarded Mrs. Patin the use of the family domicile up to and until the partition of the community. The judgment further ordered the defendant-husband to continue payment of all existing community obligations except for one $500.00 annual note.
The trial for the legal separation was set and heard on May 11, 1982. As a result of that trial, a judgment was signed granting a legal separation based upon the mutual fault of the parties. This judgment also ordered the defendant, Mr. Patin, to pay all community obligations except for a $260.00 per month note and a $500.00 per year note. The judgment further ordered that an inventory of all property of the community be taken and that the property was to be partitioned in accordance with law.
On February 18, 1983, pursuant to a rule filed by defendant, the trial court ordered each party to submit sworn detailed descriptive lists and set a trial date for the traversal of each parties' list. In due time a partition of the community was held. The judgment resulting therefrom awarded Mr. Patin the community home and awarded Mrs. Patin the community automobile and virtually all other property belonging to the community. From this judgment the wife has appealed and the husband has answered her appeal. The wife's contention brings before us 9 alleged errors on the part of the trial court. The husband alleges 3 assignments of error.

WIFE'S ASSIGNMENTS OF ERROR
Mrs. Patin first argues that the trial court erred when it failed to order a private sale of the community home. The trial court exercising its legislatively mandated discretion under La.R.S. 9:2801, allocated the community home to Mr. Patin and ordered that Mrs. Patin be given a credit for her one-half share. This credit was ordered secured by a vendor's lien and special mortgage.
Under La.R.S. 9:2801(4)(c) the trial court is authorized to allocate to one party or the other a particular asset, and if this results in an unequal net distribution, the court is directed to order the payment of an equalizing sum of money. This method was chosen by the trial court. It is true that La.R.S. 9:2801(4)(d) does provide that a community asset may be sold at a private sale, but the fact that the trial judge chose one method over the other is not an abuse of discretion.
Secondly, Mrs. Patin assigns as error the trial court's award of a credit to Mr. Patin for her prior use and occupancy of the community home. In its judgment the trial court charged the wife for her use of the community home for a period of 15 monthsfrom the date of the legal separation until the order partitioning the community.
Under La.C.C. Art. 2369, a spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime. Further, La.C.C. Art. 2364 provides that when community property has been used to satisfy the separate obligation of one spouse, the other spouse is entitled to reimbursement upon termination of the community property regime for one-half of the amount or value that the property had at the time it was used.
The community existing between the parties was terminated by the judgment of separation and from that point on, but for her use of the community home Mrs. Patin would have been forced to pay rent, as Mr. Patin was forced to do. The funds that she would have been forced to pay as rent have remained in her control for investment purposes. This use has benefited her separate estate and Mr. Patin was properly reimbursed for one-half the value of the community property used at the time it was used to benefit Mrs. Patin's separate estate.
*1359 The uncontradicted testimony of Mr. Robert Domingue, who was accepted by the Court as an expert in the rental value of homes, was that the rental value of the house was $750.00 a month. The trial court accepted the value and properly awarded Mr. Patin a credit for one-half of $750.00 per month.
By the third assignment of error Mrs. Patin contends the trial court erred in awarding Mr. Patin recovery out of his wife's share, of one-half of all amounts paid by him on the house note and other community debts.
The wife lived in the community owned home and used practically all of the community owned movables, from the time the community was terminated until the signing of the judgment of partition, and although the husband was denied use of all the community property during this time he was nevertheless ordered to make these payments "in lieu of alimony".
"Our long settled jurisprudence is that following termination of the community between a husband and wife the two parties become owners in indivision of the immovable property which had belonged to the community; each owner in indivision is entitled to possess or use the common property without the obligation to pay rent therefor, provided that such possession or use is not to the exclusion of his co-owner; and each co-owner has the obligation to maintain and preserve the property or, vis-a-vis each other, pay his share of the cost thereof."
Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981) [Footnote omitted].
In the instant case the community property could not have been maintained and preserved without payment of the mortgage principal, interest, taxes, and insurance. Without payment of all of these components the property would have been lost. Accordingly, we hold the trial court correctly reimbursed Mr. Patin out of his wife's share of the funds to be distributed, one-half of the amounts paid by him. The wife contends that no credit should have been allowed because these payments constituted alimony. It is true as pointed out by her that alimony payments are not reimbursible even when by subsequent judgment the alimony is disallowed. Miller v. Miller, 405 So.2d 564 (La.App. 3rd Cir. 1981). However, here each time the wife sought alimony pendente lite the trial court expressly denied that request. He did, however, order the husband to pay these community debts.
An order by the Court ordering one spouse to pay the community debts in order to maintain the property cannot be considered the same as alimony which must be awarded based on one spouse's needs and the means of the other spouse. The considerations behind the two awards are different and as such the husband was properly awarded recovery for one-half of the debts he incurred to preserve the community.
In Mrs. Patin's fourth assignment of error she contends that the trial court erred in failing to allow her a credit for the expenses she incurred to preserve the community livestock. During the existence of the marriage these parties had acquired two horses and a cow and calf.
At trial Mrs. Patin introduced receipts totalling $1,902.00 which she claimed represented veterinary expenses and feed bills incurred to feed and care for these animals.
The trial court's judgment of partition stated that the parties had extra-judicially partitioned the two horses but awarded the wife ownership of the cow and calf.
If the wife had proven with sufficient accuracy the actual expenses incurred to preserve the community livestock during the period between the separation and the partition, we would have no difficulty in allowing her a credit for one-half of this amount. See Lentz v. Lentz, supra. However, the testimony in the record is unclear. There is evidence that some of the expenses incurred were to feed a third horse not belonging to either member of the community. We are further unable to conclude with any degree of accuracy at what point in time the parties extra-judicially partitioned the horses.
*1360 Based on the evidence in the record there is no effective way the trial court could nor can we arrive at a realistic figure as to what was actually spent by the wife to preserve the community livestock. She has thus failed in her burden of proof and she was properly denied a credit for these expenses.
By her fifth assignment of error Mrs. Patin claims the trial court erred in allowing a credit to the husband for her sale of two items which belonged to the community.
One item of credit which was given to the husband was for the sale of a color television by the wife. This occurred because the television had been repaired at Sears. Because the wife did not have the money to pay the bill, she sold the television set to one of the personnel at Sears to pay the debt. The other item of credit given to the husband was for the sale of a Kohler welding machine. Mrs. Patin testified that a man by the name of Curtis Maturin had, in December of 1981, performed some work on a horsetrailer. Mrs. Patin further testified that because Mr. Patin refused to pay the bills she was forced to give Mr. Maturin the welding machine to pay the debt.
The record clearly establishes that the articles alienated were community property. The record further establishes the articles were given in payment of community debts. Both expenses were incurred prior to the termination of the community.
It is an elementary point of law that obligations incurred during the existence of the community for the common interest of the spouses are community obligations. La.C.C.Art. 2360 and La.C.C. Art. 2361. Further, one spouse may dispose of movable community property acting alone to satisfy a community obligation. La.C.C. Art. 2345.
In this case Mrs. Patin has simply done what the law allows her to do and the trial court was incorrect in allowing Mr. Patin a credit for the alienation of the television set and the welding machine. Even though the sale of this community property resulted in a reduction of the community's assets the actions also reduced the community's liabilities and the net value of the community remained the same. We must therefore reverse that part of the judgment which awarded Mr. Patin a $450.50 credit for the sale of these community assets.
By her sixth assignment of error Mrs. Patin claims the trial court erred in classifying certain hand tools as the husband's separate property.
Both parties testified that Mr. Patin owned certain hand tools before the marriage. In view of this testimony, and in the absence of additional circumstances the hand tools would be considered separate property brought into the marriage by one of the spouses. Cookmeyer v. Cookmeyer, 274 So.2d 739 (La.App. 4th Cir.1973). Mrs. Patin attempted to establish that these tools were given away and others were purchased. The trial judge evidently did not believe this.
The trier of fact who has the unique advantage of viewing testimony when given is not to be reversed on an evaluation of credibility which furnishes the basis for the trial court finding of fact unless that finding of fact is "manifestly erroneous". Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Because both parties stated that the hand tools were possessed before the marriage and because the testimony regarding the subsequent transfer is uncorroborated we cannot say that the trial court's determination was manifestly erroneous. The trial court properly ruled that these hand tools were Mr. Patin's separate property which he brought into the marriage.
By her seventh assignment of error Mrs. Patin claims the trial court erred in its failure to allocate, value or otherwise dispose of a 9 piece dining room set.
Both parties listed the dining room set in their descriptive list. Further, at trial both parties testified as to the purchase of the dining room set, however, the trial court did not address itself to the issue of what *1361 disposition should be made of this furniture.
Because we do not have sufficient evidence before us to make a proper distribution of this matter we are forced to remand the issue to the trial court to conduct further proceedings: (1) To determine the value of the 9 piece dining room set; (2) To determine any amount remaining owed on the set; and (3) To make proper disposition of the matter in accordance with La. R.S. 9:2801.
By her eighth assignment of error Mrs. Patin claims the trial court erred in not valuing the assets of the community as of the date of the trial on the merits. She contends that the value used was as of the date of separation. This is without merit. At the time of the trial on the merits for the partition, Mr. William O. Clause was accepted by the trial court as an expert appraisor. Mr. Clause had previously made an inventory and valuation of the community. His uncontradicted testimony was that the values placed on the inventory he performed would be the same on the day of the trial on the merits. We hold this is sufficient to comply with the mandate of La.R.S. 9:2801(4)(a) that the assets of the community be valued at the time of the trial.
The last issue presented for our review concerning Mrs. Patin's interest in the community property involves the ownership of the 1978 Ford Bronco awarded her in the property settlement.
After the community was terminated, but during the pendency of the partition proceedings Mrs. Patin wrecked the 1978 Ford Bronco which was later awarded to her in the property settlement.
The automobile was towed from the scene of the accident by Domingue Motors. Because Mrs. Patin did not pay the storage and towing fees on the vehicle, Domingue Motors applied for and was granted a permit to sell the vehicle pursuant to La.R.S. 32:521.
Mr. Patin purchased the vehicle from Domingue Motors and subsequent thereto the proceedings styled "Connie Lee Joseph Patin v. Gayle Patin" (Our Docket No. 84-807) was instituted. After hearing, the trial court properly concluded the vehicle was the separate property of Mr. Patin, and although Mrs. Patin perfected an appeal from that judgment neither party has briefed the issue on appeal and it is thus considered abandoned. See Rule 2-8.6, Uniform Rules, Court of Appeal (West 1984).

HUSBAND'S ASSIGNMENTS OF ERROR
In answering the wife's appeal the husband has alleged three errors committed by the trial court.
In his first assignment of error the husband claims that the trial court erred in not classifying or awarding a 9 piece dining room set and a set of encyclopedias. We have previously discussed the dining room set. Further, neither party listed the encyclopedias on their descriptive list as required by La.R.S. 9:2801(1) and thus that issue was not brought before the trial court and it is not reviewable by us now. Further, on appeal Mr. Patin claims the encyclopedias are his separate property and there is no traversal of that contention by Mrs. Patin.
Mr. Patin's second assignment of error involves the credit he was given for Mrs. Patin's occupancy of the community home during the pendency of these proceedings. We have previously decided that issue in the wife's second assignment of error.
By his third assignment of error Mr. Patin claims the trial court erred in classifying as community property certain items of furniture, those items of furniture being a coffee table, end tables, a den set, a settee, and a chair.
"The settled rule of law is that property acquired during marriage is presumed to fall into the community of acquets and gains existing between the spouses. La. C.C. Arts. 2334, 2402. At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess are presumed to belong to the community, unless it be satisfactorily *1362 proved which of such effects they brought into the marriage, of which have been given them separately, or which they have respectively inherited. La.C.C. Art. 2405; Bruyninckx v. Woodward, 217 La. 736, 47 So.2d 478 (1950)."
After a review of the record we conclude as did the trial judge that these items of furniture belong to the community.
For the reasons herein set out the judgment appealed from is reversed insofar as it allowed Mr. Patin a credit in the amount of $450.50 out of his wife's share of the funds to be distributed for the sale of the television set and the welding machine. The case is further remanded to the trial court to conduct further proceedings: (1) To determine the value of the 9 piece dining room set; (2) To determine any amount remaining owed on the set; and (3) To make proper disposition of the matter in accordance with La.R.S. 9:2801. In all other respects the judgment of the trial court is affirmed. All costs of this appeal in No. 84-93 are assessed equally between the parties.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.