YELVERTON, Judge.
We reverse this summary judgment and remand for further proceedings because there is a factual issue still unresolved.
Plaintiff’s petition alleges that Albert and Barbara Leger, although not living together, were husband and wife. She lived in the family home. It was damaged by a hurricane. She engaged Ronnie Magnon to make necessary repairs. The repairs came to $7,500. When he finished, she paid him in part by giving him a bill of sale to a community owned tractor, and Magnon took possession of the tractor.
The petition further alleges that defendant Albert Leger seized the tractor claiming that Magnon acquired no interest therein by virtue of the transaction between him and Barbara.
Magnon then filed suit against Albert Leger for possession of the tractor or in the alternative, damages. In response, Leger filed a motion for summary judgment which the district court granted. This is the judgment appealed.
The summary judgment evidence included the bill of sale from Barbara Leger to Magnon given in consideration of $7,500 worth of repairs to the house. Barbara’s affidavit was also filed. It declared that the family home had been damaged in 1985 by a hurricane, that in order to preserve the residence, repairs were required, and that in 1986 Ronnie Magnon made the necessary repairs to the house. The affidavit further declared that Barbara was not receiving any alimony or child support, that she had no money to pay for the repairs to the residence, and that in partial payment for labor and materials needed for that community obligation, she transferred ownership of the tractor to Ronnie Magnon and provided him a bill of sale to evidence that transfer.
*1306 The summary judgment evidence also included interrogatories and answers, which Mr. Leger offered to support the argument that Magnon only claimed an undivided interest in the tractor. Interrogatory No. 1 asked, “Under what authority do you claim an interest in the tractor involved in this lawsuit?” Magnon’s answer was, “Petitioner claims an interest in the tractor involved in this lawsuit pursuant to a bill of sale obtained March 17, 1986.” Based on this answer, Leger argued the application of Civil Code Article 2337, which states:
“A spouse may not alienate, encumber, or lease to a third person his undivided interest in the community or in particular things of the community prior to the termination of the regime.”
Arguing that the result of the attempted sale of Barbara’s undivided interest in the tractor was the absolute nullity of the purported sale, Mr. Leger asked for and obtained a summary judgment in his favor.
In our opinion summary judgment was inappropriate. Obligations incurred during the existence of the community for the common interest of the spouses are community obligations. La.C.C. art. 2360 and La.C.C. art. 2361. Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), writ denied 466 So.2d 470 (La.1985). Further, one spouse may dispose of movable community property acting alone to satisfy a community obligation. La.C.C. arts. 2345 and 2346. Patin v. Patin, supra.
The conclusion that the first interrogatory and its response established as an undisputed fact that the sale was an attempted sale of only Barbara’s undivided one-half interest is not a sound summary judgment factual conclusion. This evidence is, at the very least, equivocal. The word interest could mean the whole interest, or something less than the whole interest. Moreover, in interrogatory No. 2, the appellant was asked, “If you purchased the tractor, give the date of the purchase, the name and address of the seller, the total purchase price paid and state whether or not you have a bill of sale for the tractor.” The appellant answered this interrogatory in the affirmative that he owned the tractor. In interrogatory No. 3 the appellant was asked, “If you claim that you purchased an interest in the tractor, give the bank or other financial institution an account number out of which the funds came for you to pay the purchase price for the tractor.” The appellant answered, “No funds were transferred for payment. Rather, the balance owed by Barbara Leger and Albert Leger for materials and labor provided by petitioner for repairs to the home at Rt. 1, Box 441F, Scott, Louisiana, was reduced by that amount.” Additionally, the bill of sale suggested that complete ownership of the tractor was being conveyed, as did the pleadings.
There is in the summary judgment evidence considerable doubt as to what interest in the tractor was being conveyed, and a summary judgment may not be granted where a material fact is in doubt. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
The summary judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion, including ultimately all facets of the merits of this case. Albert Leger will pay the costs of this appeal.
REVERSED AND REMANDED.