457 So.2d 746 (1984)
Sherry Ann Blackwell MATHEWS, Plaintiff-Appellee,
v.
Richard Durham MATHEWS, Defendant-Appellant.
No. 16445-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
O. Bernard Boddie, Bossier City, for defendant-appellant.
Touchstone & Wilson by David Touchstone, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
The divorced husband appeals a judgment partitioning the community formerly existing between himself and his wife. He contends the court erred in not allowing him to traverse the detailed descriptive list filed by his ex-wife.
In answer to the appeal, the ex-wife contends that because her ex-husband did not traverse her detailed descriptive list, the trial court erred in not accepting, at face value, her evaluation of the debts and assets of, and her claims against, the community. We amend and affirm.
LRS 9:2801 sets forth "rules" for the conduct of a proceeding to partition community property when the spouses are unable to agree on a partition or on the settlement of claims between them. These rules afford considerable discretion to the trial court.
The wife filed the petition to partition the property in September 1983 along with her sworn list of assets, debts, claims and credits. At that time the court signed an order which was served with the petition effectively allowing the husband 15 days from date of service to file his sworn list and an additional 10 days to traverse the wife's list. The husband was served on October 20. § 2801(1), (2). He answered the wife's petition on November 2, 1983, but did not attempt to file his sworn list until December 29, 1983, sometime after he hired counsel. At the trial on January 4, 1984, the court sustained the wife's objection to the introduction of his sworn list.
*747 The court shall set a time limit for the filing of each list. § 2801(1). The court shall also "fix a time limit" within which each party shall either traverse or concur in the list of the other party. § 2801(2). In this and other subsections, the statute provides that the court may try at one hearing all issues, may appoint experts (3), and that the court shall value the assets and adjudicate the claims (4). The trial court did not err in its rulings.
Neither the husband nor the wife offers a more equitable partition, generally or in detail, than that ordered by the trial court. The wife's list, the disallowed list of the husband, a copy of a federal tax lien, are in the record. It is also apparent that the trial court was presented with a NADA book valuation of the motor vehicles owned by the community and with valuations used by one or both spouses in bankruptcy proceedings.
From this record, we find that the trial court did not err in applying the statute.
The tangible property of the community was valued as follows by the litigants and the court:

 HUSBAND WIFE COURT
(1) Ford $ 4,950. $ 6,000. $ 5,900.
(2) Chevrolet 4,900. 3,000. 4,075.
(3) TV 40. 40. 40.
(4) Couch, etc. 500. 100. 250.
(5) Freezer 200. 20. 100.
(6) Washer, dryer 100. 100. 100.
(7) Stereo 1,000. 1,000.
(8) Camera 100. 900. 375.
 ______ ______ ______
 TOTALS $10,790. $11,160. $11,840.

The wife possesses items (2), (4), (5), and (6), the total value of which, by the court's valuation, is $4,525. The husband possesses the other items which total $7,315 as valued by the court.
The litigants apparently do not dispute that the community owes or owed:

GMAC $763.00
Dupont Mortgage $10,762.00
IRS $ 1,577.00
 __________
TOTAL $13,102.00

The trial judge found the debts of the community totaled that amount. The trial judge found that the wife paid GMAC and Dupont ($11,525) with her separate funds and ordered each spouse to pay one-half of the IRS debt still outstanding. We see no error in the court's finding or the court's order.
The judgment orders the husband to pay the wife one-half the value of each item in his possession or turn over the items to her at a certain date. The judgment did not otherwise pass on his claims or her claims against the community. In reasons for judgment the trial court stated that the wife should receive credit for the $11,524 in community debts she paid with her separate funds. The judgment did not mention this "credit."
If the judgment is carried out as contemplated by the husband's payment to the wife, she will be paid one half of $7,315 ($3,658). Adding this to the value of property she possesses, would result in her receiving $8,183 in cash or property. This result ignores the court's finding that she paid $11,525 in community debts with separate funds. We shall recast the judgment to recognize her payment.
LRS 9:2801 does not prohibit further proceedings to adjudicate the claims that the husband might institute that the wife's separate property was enhanced by the community. At this juncture the matters thus far determined, however, should be placed on a course of reaching finality. Succinctly put, the community owes the ex-wife $11,525. One-half of this amount (owed by the husband) is $5,763. She has received community property valued at $4,525 and is still owed $1,395 as an adjustment to reach one-half of the total community value. The husband possesses items valued at $7,315. He owes her then one-half of the community debt ($5,763) plus $1,395, or $7,158.
Accordingly, we amend the judgment insofar as the alternative provision is concerned by increasing the amount the husband should pay the wife from one-half of $7,315 to a total of $7,158 if he elects to retain all items in his possession. Should the husband elect to return one or more items he now possesses, he shall receive *748 credit against the $7,158 owed to the wife for the proportionate value of that item (7158/7315, or 97.85 percent of the value assigned by the court). We also amend the date the husband shall either pay or surrender the items to the wife and fix that date at 15 days after this opinion becomes final.
Costs here and below are assessed against the husband.
Amended, and as amended, AFFIRMED.