490 So.2d 763 (1986)
Marlene King LeBLANC, Plaintiff-Appellee,
v.
Jack Roland LeBLANC, Defendant-Appellant.
No. 85-765.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Writ Denied October 3, 1986.
*764 Jack Roland Leblanc, Lafayette, in pro. per.
Marlene King Leblanc, Lafayette, in pro. per.
Before LABORDE and KING, JJ., and PAVY[*], J. Pro Tem.
LABORDE, Judge.
This appeal arises out of a proceeding to partition community property. Jack Roland LeBlanc, defendant-appellant, attacks the judgment of the trial court assigning eight assignments of error, two of which have merit. We affirm in part, reverse in part, and render.
Plaintiff, Marlene King LeBlanc Martin, petitioned for a separation from bed and board on August 31, 1981. She was granted the separation, and was later divorced from defendant. On May 7, 1984, plaintiff petitioned for a final partition of community property. A lengthy judgment of partition, which included recognition of certain community obligations and rights to reimbursement, was rendered on April 9, 1985. This judgment additionally ordered that defendant refrain from receiving overnight female guests on days that his children are in his care.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant first alleges that the lower court erred in ordering that $900.00 and $500.00 be paid to Emily Lacobie and Hilda King, respectively, as debts of the community. Defendant alleges, citing La.Civ. Code art. 2363, that these are plaintiff's separate obligations because they were incurred for plaintiff's benefit alone. Plaintiff argues, as she did at trial, that she borrowed the money to pay for community obligations, including care of the minor children. The issue is thus one of pure credibility, the trial judge's disposition of which we have no good reason to disturb. This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND FOUR
Defendant next alleges that the trial court erred in awarding plaintiff rent on the community home for those post-separation months in which the home was occupied by defendant alone. Defendant correctly claims that the same judge actually declined to award rent to plaintiff when an earlier judgment, awarding the right of occupancy to defendant, was signed. We decline to reverse the final judgment which awards rent to plaintiff.
"A spouse awarded the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court."
LSA-R.S. 9:308(B) (emphasis added). The statute clearly establishes that a decision to award rent to a non-occupant spouse rests within the discretion of the judge. There is an inconsistency between an earlier ruling awarding defendant rent-free use of the home and the final judgment awarding *765 rentals to plaintiff, but our cases have held that a trial judge may, at his discretion, change the substance or the result of interlocutory rulings. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3d Cir.1980). The earlier judgment, on which defendant bases his plea, was interlocutory in nature, serving merely to assign use of the house to one of two bellicose spouses pending a final partition of the community. We find no error in the final judgment awarding $3,600.00 in rentals to plaintiff.
Defendant also complains that the court improperly denied him reimbursement from community funds for mortgage payments he claims to have made on the community home, after dissolution of the community and with separate funds. The case law establishes that full reimbursement shall be made from community funds to the separate estate of a spouse who makes the mortgage payments. See Sellers v. Landry, 489 So.2d 440 (La.App. 3d Cir.1986). Reimbursement is allowed for payments made by a spouse, with separate funds, on community immovables, including principal, interest, taxes, and insurance. Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981). Our review of the record reveals that defendant failed to pray for such reimbursement in his reconventional demand to plaintiff's petition to partition the property. We also find that the record is barren of evidence to support the defendant's claim that he actually expended separate funds for mortgage payments. Inasmuch as there is no basis for an award of reimbursement, this claim must be denied.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant next alleges that the court improperly ordered the children's savings accounts to be placed in plaintiff's care. We are urged to reverse the order on the basis that the money is already drawing a high rate of interest. We are not persuaded that this order should be reversed. The children are in the custody of their mother. Additionally, the trial judge has had many opportunities to observe the parties during this protracted litigation, and was well placed to determine which of the two parties answers more responsibly to the children's needs. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBERS FIVE AND SEVEN
Defendant alleges in his fifth and seventh assignments of error that the court improperly denied him reimbursement from community funds for interest he paid with separate funds for community loans made by insurance companies and a credit union. With regard to assignment of error number five, we note that defendant failed to make this claim in his reconventional demand. More importantly, there is nothing in the record to permit us to determine with exactitude the quantum to which defendant may be entitled under this claim. This assignment lacks merit.
Defendant alleges in his seventh assignment of error that the court erred in signing a judgment which omits mention of his right to reimbursement of $343.75 which he paid, with separate funds, for community debts to a credit union. We agree that the record and the signed judgment are inconsistent with each other. The trial judge, after hearing plaintiff acknowledge in open court that defendant had made such payments with separate funds, ruled for defendant in this particular. The trial court judgment is silent. Therefore, the judgment shall be recast to reflect defendant's right to be reimbursed, from community funds, in the amount of $343.75.

ASSIGNMENT OF ERROR NUMBER SIX
Defendant next alleges as error the court's reimbursement of attorney fees to plaintiff for the services of one J.N. Prather. We agree. The record establishes that Prather was engaged by plaintiff on February 8, 1983, which was subsequent to the separation from bed and board. The award must be disallowed. We join our brethren of the second and fourth circuits *766 who have established the logical rule that once a community is dissolved, it is impossible for either spouse to contract a community debt. The ex-wife's fee for partition work is not chargeable in any manner to the ex-husband. Lane v. Lane, 375 So.2d 660 (La.App. 4th Cir.1978), writ denied, 381 So.2d 1222 (La.1980); Moseley v. Moseley, 216 So.2d 852 (La.App. 2nd Cir.1968).

ASSIGNMENT OF ERROR NUMBER EIGHT
In his last assignment of error, defendant complains that the order restricting his visitation rights is impermissibly vague. We disagree. The judgment reads in part: "IT IS ORDERED BY THE COURT that Jack Roland LeBlanc not have female companions sleep over day or night at his dwelling or any other private or public dwelling while the children are in his care." We find the order not only crystal clear, but also consistent with the best interest of the children.

CONCLUSION
For all the above and foregoing reasons, the judgment of the trial court is recast as follows: 1) Marlene King LeBlanc is not entitled to reimbursement for attorney fees paid to J.N. Prather; and 2) Jack Roland LeBlanc shall be reimbursed, from community funds, the sum of $343.75. The judgment is affirmed in all other respects. Costs of these proceedings are taxed equally to appellant and appellee.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[*] Judge H. Garland Pavy of the Twenty-Seventh Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.