496 So.2d 1341 (1986)
Rodney Michael DEROUEN, Plaintiff-Appellee,
v.
Betty DEROUEN, Defendant-Appellant.
No. 85-1136.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*1342 Frank Granger, Lake Charles, for defendant-appellant.
Henry R. Liles, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, YELVERTON and KNOLL, JJ.
DOMENGEAUX, Judge.
This is an appeal from a default judgment. The facts giving rise to this litigation are as follows: Rodney Derouen, plaintiff, and Betty Derouen, defendant, were divorced on September 28, 1984. On May 6, 1985, Mr. Derouen filed a petition to judicially partition the community formerly existing between them. Attached to his petition was a sworn detailed descriptive list which purported to set forth the assets acquired and liabilities incurred during the existence of the community as well as the separate obligations of Mrs. Derouen allegedly satisfied with either community funds or the separate funds of Mr. Derouen.
On May 13, 1985, Mrs. Derouen was personally served with a copy of the petition. On May 20, 1985, she was granted an extension of time (until June 12, 1985) to file either an answer traversing her husband's sworn detailed descriptive list or to file her own sworn detailed descriptive list. On June 17, 1985, Mrs. Derouen's attorney, who at this point had not filed an answer, was permitted to withdraw from the case as counsel of record.
On June 19, 1985, Mr. Derouen entered a preliminary default against Mrs. Derouen. Nearly a month later, on July 16, 1985, he took another preliminary default in this matter. On August 1, 1985, a hearing was held and the default judgment was confirmed. The trial judge signed a judgment *1343 partitioning the community property in the manner prescribed in Mr. Derouen's sworn detailed descriptive list. This devolutive appeal followed the trial court's judgment.
The defendant, Mrs. Derouen, has assigned three (3) specifications of error, formulated as follows:
(1) The trial court erred in confirming the preliminary default of plaintiff and rendering judgment partitioning the community property between the parties due to the lack of sufficient, competent and admissible evidence sufficient to prove each element of plaintiff's claim as though each allegation had been specifically denied by the defendant.
(2) The trial court erred in allowing plaintiff to amend the sworn detailed descriptive list and his petition for judicial partition of community property and render a judgment accordingly without notice to and service upon the defendant.
(3) The trial court erred in failing to follow the guidelines and requirements of La. R.S. 9:2801.

SPECIFICATION OF ERROR NO. 1
Mrs. Derouen contends that Mr. Derouen failed to submit sufficient proof of his demand in confirming the default and that the granting of the judgment of the trial court was error.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.C.C.P. Art. 1702. A prima facie case is established only when the plaintiff, by admissible and competent evidence, proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. American Bank and Trust Company of Lafayette v. Huval Financial Services, 460 So.2d 91 (La. App. 3rd Cir.1984); Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 120 (1984).
At the hearing to confirm the default judgment, the plaintiff, Mr. Derouen, was the only person called to testify. He testified as to the status of the parties and as to the value of certain items listed in the sworn detailed descriptive list. In addition, the sworn detailed descriptive list compiled by Mr. Derouen was offered into evidence. The trial judge accepted the sworn detailed descriptive list as correct and ordered the community partitioned according to Mr. Derouen's proposed allocation.
Mrs. Derouen maintains that her husband failed in his efforts to establish a prima facie case in that no other witnesses were called to corroborate his testimony nor was there any corroborating documentary evidence concerning the value of the property. In Galland v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, 452 So.2d 397 (La.App. 3rd Cir.1984), this Court stated:
"In Brown v. Tinsley, 433 So.2d 305 (La.App. 1st Cir.1983), the court upheld a default judgment in favor of the plaintiff who sued for breach of contract for the sale of timber. The court found that the plaintiff's testimony concerning the discrepancy in the amount of land involved was sufficient to confirm the default judgment without corroborating documentary evidence. In the present case we find that the testimony regarding the court costs is sufficient without corroborating documentary evidence to prove the amount owed by National Union."
In the instant case, the trial judge apparently found Mr. Derouen's testimony and sworn detailed descriptive list to be credible. Evaluations of credibility are best judged by the trier of fact whose judgment in that regard will not be disturbed unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Patin v. Patin, 462 So.2d 1356 (La. App. 3rd Cir.1985), writ denied, 466 So.2d 470 (1985).
The trial judge determined that Mrs. Derouen, by living in the home after termination of the community, owed a reasonable amount of rent to Mr. Derouen. Mr. Derouen's assessment of $500.00 per month was accepted by the trial court as a reasonable amount of rent. By our own *1344 motion, we note that Mr. Derouen was erroneously awarded a credit for the entire rental for the twenty-one months Mrs. Derouen occupied the home. Inasmuch as the home was community property, Mrs. Derouen should only have been charged one-half of the rental, or $250.00 per month.[1] See Patin v. Patin, supra. This change would reduce the rental obligation from $10,500.00 to $5,250.00 for the twenty-one month period. Accordingly, the judgment should be amended to reflect this rental reassessment.
We have considered the other allegations in Mr. Derouen's petition and find that they were proved by admissible and competent evidence; therefore, we conclude that plaintiff otherwise sufficiently established a prima facie case.
This specification of error is without merit.

SPECIFICATION OF ERROR NO. 2
Mrs. Derouen asserts the trial judge erred in allowing the plaintiff to amend the sworn detailed descriptive list "... without actual service on and notice to the defendant." She cites the case of American Fidelity Fire Insurance Company v. Binnings Construction Company, Inc., 302 So.2d 320 (La.App. 4th Cir.1974) for the proposition that a plaintiff who amends the original petition after taking a preliminary default against defendant is required to take another preliminary default as a prerequisite to obtaining a valid judgment against the defendant on the amended petition.
Mrs. Derouen is correct in her citation of the above proposition, but that case is not controlling here. In Binnings, supra, a supplemental petition was filed after the preliminary default was granted in which Binnings sought to join a new plaintiff as an indispensable party to the action. The court found that the absence of a second preliminary default after the filing of the supplemental petition "... strikes at the validity of the judgment and would support an action in nullity pursuant to Art. 2002(2)."
The Binnings case is easily distinguished from the case at bar. In the instant case, Mr. Derouen did not amend his petition, but merely amended the sworn detailed descriptive list filed along with the petition. The nature of the demand has not been changed in that Mr. Derouen still seeks a partition of the community. In Binnings, supra, the nature of the demand had been changed by the amending petition in that the plaintiff attempted to join another party in the action against the defendant.
The record in this case indicates that, at the confirmation hearing, Mr. Derouen orally motioned the court to change the valuation of the family residence on the sworn detailed descriptive list from $64,000.00 to $58,000.00 on account of a realtor's appraisal. The record also indicates that he added a South Central Bell savings plan valued at $10,000.00 and an unmatured retirement plan to the list of community assets.
Mrs. Derouen was not prejudiced by these amendments. In fact, the amendments to the sworn detailed descriptive list increased the amount of community assets by $4,000.00, and correspondingly, increased her half of the community by $2,000.00. Inasmuch as we find that the changes did not constitute an amendment to the original petition and the fact that she was not prejudiced by the changes made by the plaintiff, the judgment of the trial court will not be reversed. [See Aetna Casualty and Surety Company v. Braud, 327 So.2d 183 (La.App. 4th Cir.1976)].
*1345 Additionally, we note that nine (9) weeks went by after Mrs. Derouen was served with a copy of her husband's petition before he took a second preliminary default and that over eleven (11) weeks had passed when the default judgment was confirmed. From her lack of attention in this matter, we are unconvinced that the slight changes made by plaintiff in the sworn detailed descriptive list would have prompted an answer by Mrs. Derouen had she become aware of them prior to the confirmation of the default judgment.
This specification of error is likewise without merit.

SPECIFICATION OF ERROR NO. 3
Mrs. Derouen's final specification of error addresses the alleged failure of the trial court to follow the requirements of La.R.S. 9:2801 in partitioning the community property. She apparently maintains that the trial judge failed to allocate the assets in conformity with the statute as the trial judge accepted plaintiff's proposed allocation and made no effort to compile a different allocation.
La.R.S. 9:2801 reads, in part:
"(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities....."
Furthermore, in Mathews v. Mathews, 457 So.2d 746 (La.App. 2nd Cir.1984), the court stated:
"LRS 9:2801 sets forth `rules' for the conduct of a proceeding to partition community property when the spouses are unable to agree on a partition or on the settlement of claims between them. These rules afford considerable discretion to the trial court."
At the conclusion of the default confirmation hearing, the trial judge accepted Mr. Derouen's valuations of the community assets and liabilities as reflected in the sworn detailed descriptive list. Although the trial judge was not required to accept Mr. Derouen's valuations at face value, it certainly was within his discretion to do so, especially in light of the fact that the valuations by Mr. Derouen were the only ones supplied to the trial court.
Additionally, Mrs. Derouen may be opposed to the trial court's allocation insofar as she has to execute a promissory note to her husband to equalize the distribution. The trial court, however, was authorized to do so under La.R.S. 9:2801(4)(c) which provides:
"... In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security."
This specification of error also lacks merit.
For the above and foregoing reasons, the judgment of the district court is amended so as to decrease the defendant's rental obligation by $5,250.00. Therefore defendant's promissory note obligation is hereby reduced from the amount of $19,681.65 to the amount of $14,431.65, and the said note is to be prepared accordingly. In all other respects, the judgment of the district court is affirmed. Costs to be borne by defendant.
AFFIRMED AS AMENDED.
NOTES
[1] Act 732 of the 1985 Louisiana Legislative Session legislatively overrules Patin v. Patin on this point. [See also Act 678 of the 1986 Louisiana Legislative Session]. Through these acts, the legislature amended La.R.S. 9:308(B) to provide that a spouse who uses and occupies the family home pending partition of the community shall not be liable to the other spouse for rental unless the spouses otherwise agree or the court so orders. Insofar as the rental obligations arose prior to the enactment of Act 732, the Patin case is still controlling in this situation.