518 So.2d 569 (1987)
Janice Broussard BURRELL
v.
Joseph J. BURRELL, Jr.
No. CA-6996.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
*570 Trudy H. Oppenheim, New Orleans, for appellant.
Flanders & Flanders, Dudley D. Flanders, New Orleans, for appellee.
Before GULOTTA, C.J., and GARRISON and WARD, JJ.
GULOTTA, Chief Judge.
In this community partition case, the plaintiff ex-wife appeals from the judgment insofar as it denies her one-half of the rental value of the former family residence for the period her ex-husband solely occupied the marital home after the parties had separated. She further contends the trial judge erroneously awarded each spouse an interest in the other's pension plan based on the stipulated values of the plans at the time of the partition hearing. Although we find no error in the denial of rent, we set aside and recast that portion of the judgment as it relates to the pensions.

BACKGROUND
Following the breakup of the marriage, the husband occupied the family home and made the mortgage payments from September, 1979, through October, 1983, while the wife lived with the children at her father's house. In Burrell v. Burrell, 437 So.2d 354 (La.App. 4th Cir.1983), we awarded the then divorced wife the use and occupancy of the former marital home, and she thereafter paid the house notes from November, 1983, until the residence was sold in July, 1984.
On December 17, 1985, a hearing was held to partition the community. The parties stipulated the dollar values of the community assets, including the values of both spouses' pension plans. The wife also presented evidence of the fair rental value of the former marital home to support her claim that her ex-husband owed her rent for the period that he had occupied the home.
In accordance with the stipulations, a commissioner evaluated the community assets (including the government pensions), and determined credits and mortgage reimbursements due each party. In his written report, he stated that the wife was not entitled to rent from her ex-husband for the period of time he had lived in the family home after the parties had separated.
Consistent with the commissioner's findings, the trial judge rendered a judgment of partition on September 18, 1986, which recognized, among other things, that each party was entitled to one-half of the stipulated value of the other's pension plan. The judgment was silent as to the wife's *571 claim for rent. It is from this judgment that the wife now appeals.

RENT
The wife contends that she is entitled to one-half of the fair rental value of the family home from September 1, 1979, through October, 1983, the period Mr. Burrell occupied the house without the authority of a court order or her consent. In support of her argument, she relies on several cases that have awarded rent to a non-occupying spouse excluded from community property between the time the community was terminated by separation or divorce and the time the property was partitioned. Sciambra v. Sciambra, 153 So.2d 441 (La.App. 4th Cir.1963), writ denied Pizzo v. Sciambra, 244 La. 900, 154 So.2d 768 (1963); Patin v. Patin, 462 So.2d 1356 (La. App. 3rd Cir.1985), writ denied 466 So.2d 470 (La.1985); LeBlanc v. LeBlanc, 490 So.2d 763 (La.App. 3rd Cir.1986), writ denied 494 So.2d 332 (La.1986); and Derouen v. Derouen, 496 So.2d 1341 (La.App. 3rd Cir.1986).[1] Citing LSA-R.S. 9:308 and its revisions since 1981,[2] she also contends that absent a court order authorizing him to use and occupy the house the husband could not be relieved of his obligation to pay rent to her. According to the wife, by failing to assess rent for the time the husband lived in the house to her exclusion, the judgment of partition unjustly enriches the husband by effectively allowing him free use of the premises while fully reimbursing him from community funds for his mortgage payments. We disagree.
This court has held that after a community terminates by divorce or separation the spouses become co-owners of the former community property, and each spouse has the right to use the common property without the obligation to pay rent to the other spouse pending partition of the property. See Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981); Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), writ refused 396 So.2d 883 (La.1981); Arcemont v. Arcemont, 162 So.2d 813 (La. App. 4th Cir.1964). At the time of the September 18, 1986 partition judgment in the instant case, however, LSA-R.S. 9:308(B), as amended by Act.No. 678 of 1986, provided as follows:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Recently, in Mara v. Mara, 513 So.2d 1220 (La.App. 4th Cir.1987), we recognized that earlier decisions denying reimbursement of rental value to the non-occupying spouse have been "legislatively overruled" by LSA-R.S. 9:308(B), and that the courts now have discretion to assess rent.
Because the statute in its present form affords the trial court a discretionary remedy to apply in equitably partitioning the community, we conclude that the 1986 amendment to LSA-R.S. 9:308(B) is remedial or curative in nature. As such, the amended statute can be applied "retroactively" in partition actions involving a spouse who occupied the family home without a court order before the effective date of the amendment. Such an application of the statute does not impair any vested *572 rights of the parties. See Tullier v. Tullier, 464 So.2d 278 (La.1985).
Applying LSA-R.S. 9:308(B), as amended in 1986, to the instant case, we find no error in the denial of the wife's claim for rent. As noted in our earlier opinion, Burrell v. Burrell, supra, the wife lived rent free with her children at her father's house during the period that her former husband occupied the marital home. Furthermore, after being awarded the use and occupancy of the house by this court, Mrs. Burrell occupied the home from November, 1983, until it was voluntarily sold in July, 1984. Had the house not been sold, the wife could have used it until the time of partition. Under these circumstances, because the equities are balanced in this case, we conclude that the trial judge did not abuse her discretion in denying the wife rent for the period when her former husband occupied the home.
We factually distinguish the cases cited by the wife. In Sciambra v. Sciambra, supra, this court affirmed the trial court's rental award for commercial community property used by the husband and his in-laws. Mrs. Sciambra's claim for rent for her husband's occupancy of the matrimonial domicile, however, was disallowed both at trial and on appeal. Thus Sciambra, which pre-dated LSA-R.S. 9:308, was consistent with earlier jurisprudence holding that a husband, as co-owner with his wife, could occupy the matrimonial domicile rent free pending a partition of the community property.
In Patin v. Patin, supra, a husband was forced to pay rent for his lodging while his ex-wife occupied the former community home rent free and was able to invest funds that she otherwise would have been forced to pay as rent. Our brothers on the Third Circuit concluded that the wife's separate estate had benefitted from her occupancy of the community home under those circumstances. Accordingly, they affirmed the trial court's decision charging the wife for her use of the community home from the date of the legal separation until the order partitioning the community. The facts in Patin are quite unlike those in the instant case, however. Mrs. Burrell lived rent free with her father while her husband remained in the marital home, and she was later awarded the use and occupancy of the home before she voluntarily agreed to sell it.
In LeBlanc v. LeBlanc, supra, the Third Circuit, applying LSA-R.S. 9:308(B) as amended in 1985, affirmed the trial court's discretionary award of rent for the time the husband had occupied the marital home following the separation of the parties. The underlying facts were not articulated in the LeBlanc opinion, however, nor in Derouen v. Derouen, supra, which cited Patin v. Patin, supra, to amend and affirm a trial court's award of rent to a non-occupying spouse. Accordingly, these cited cases do not persuade us to reverse the trial court under the facts of the instant case.
We likewise distinguish our recent decision in Mara v. Mara, supra, which assessed the husband a rental value for the period he had occupied the former family residence from December 10, 1974, through August 1, 1984. Unlike the situation in the instant case, the wife in Mara had been forced to rent an apartment while her husband occupied the former family home. In reversing the trial court's failure to award rent, the Mara court applied LSA-R.S. 9:308(B) and found merit in the wife's argument based on equity and justice. Thus, implicit in Mara was a conclusion that the trial judge had abused his discretion in failing to assess a rental factor. There is no such abuse of discretion in the instant case, however, under the different set of facts now confronting us.
Accordingly, we find no error in the trial court's denial of rent.

PENSION PLANS
In Sims v. Sims, 358 So.2d 919 (La. 1978), the Louisiana Supreme Court held that upon the dissolution of the community, a spouse is entitled to a declaration recognizing his or her one-half interest in the proceeds of the other spouse's pension plan at the time the plan becomes payable, i.e., when the spouse is separated from the *573 service, dies, retires or becomes disabled. See also Mara v. Mara, supra. Nevertheless, the Sims court, in dictum, did indicate that the parties can stipulate between themselves as to the value of a community asset for the purpose of conventional partition. See also Due v. Due, 342 So.2d 161 (La.1977).
In the instant case, the partition judgment provided, in pertinent part, as follows:
"The court, consistent with Sims, acknowledges and recognizes the parties reciprocal rights in and to the two (2) pension plans set out above. Of said pensions, Mr. Burrell is entitled to one-half of $7,315.00 or $3,657.50; and Ms. Burrell is entitled to one-half of $21,932.00 or $10,966.00."
Relying on Sims v. Sims, supra, the wife contends that the trial court erred in awarding the spouses fixed sums of money in each other's pension plans. According to the wife, because pension benefits were not currently payable to either spouse under either plan at the time the community was partitioned in the instant case, the judgment should have recognized only that each spouse had a one-half interest in the other spouse's pension plan proceeds earned during the existence of the community, when and if those proceeds become payable.
On the other hand, the husband argues that the Sims decision merely means that a court cannot award a spouse a specific monetary interest in the pension of the other spouse when the value of the pension is unknown. Because the parties stipulated to the values of their pension plans at the partition hearing in the instant case, the husband contends that the trial judge properly awarded each party a monetary sum.
We find no merit to the husband's contention. Although the Sims decision recognizes that parties can stipulate to the values of pension plans for the purpose of a conventional partition, there were no such stipulations in the instant case.[3] As we interpret the record, the stipulations of monetary values of the parties' pension plans at the time of the hearing were made for accounting purposes and should not be construed as a binding agreement limiting the extent of each party's entitlement in the other's plan. Therefore, the parties' stipulations regarding their respective pension plan values in the instant case do not fall within the language of the Sims decision which recognizes that "... the parties between themselves can agree upon a valuation for purposes of conventional partition."
At the time of the partition of the community, both parties were still employed and the proceeds of their pension plans were not then payable. Because there was no conventional partition in the instant case, the trial court, following Sims, should only have recognized that each party had an interest in the other party's pension plan equal to one-half of any payments under the plan earned during the existence of the community. Therefore, using the formula as set forth in Sims, each spouse is entitled to an interest in the benefits of the other spouse's pension plan as follows:
Portion of pension attributable to
creditable service during existence
of community (Date of marriage to
date of filing original petition for
separation)
-------------------------------------- × ½ × Annuity or lump
Pension attributable to total creditable sum payment
service (still undetermined)
Having so concluded, we reverse and set aside the portion of the judgment which recognizes that each spouse has a specific monetary interest in the other spouse's *574 pension plan. That part of the trial court's judgment is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED THAT consistent with Sims v. Sims, 358 So.2d 919 (La.1978), Joseph J. Burrell, Jr. is entitled to receive from Janice Broussard Burrell's pension, when and if paid, one-half of the proceeds earned during the existence of the community. IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Janice Broussard Burrell is entitled to receive from Joseph J. Burrell, Jr.'s pension, when and if paid, one-half of the proceeds earned during the existence of the community.
As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Derouen v. Derouen was reversed on grounds not related to the instant case at 502 So.2d 105 (La.1987).
[2] LSA-R.S. 9:308(A) as amended in 1986, provides that:

A. After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding alimony or child support.
[3] "MR. FLANDERS:

Yes, Your Honor, we can stipulate that there are community assets of a pension plan with the Federal Government for Mr. Burrell that is worth $21,932.
THE COURT:
How much?
MR. FLANDERS:
Twenty-one thousand nine hundred thirty-two dollars.
THE COURT:
Uh-huh.
MR. FLANDERS:
That there is one with the Federal Government for Mrs. Burrell that has a value of $7,315...."