669 So.2d 1267 (1996)
Madlyn RICHARD
v.
Calvin RICHARD.
No. 95-CA-1536.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1268 Frank P. Tranchina, Jr., Elia Diaz Yaeger, Tranchina & Martinez, New Orleans, for Plaintiff/Appellee.
Catherine J. Smith, New Orleans, for Defendant/Appellant.
Before BARRY, KLEES and BYRNES, JJ.
BARRY, Judge.
Calvin Richard appeals a judgment on the community's partition which orders reimbursement of rents to his former wife, Mrs. Madlyn R. Bagneris, who has remarried. The July 14, 1988 default judgment of divorce granted both parents joint custody of their only minor child, Calvin. Mr. Richard was primary custodial parent, and Mrs. Bagneris was to pay $500 monthly child support. According to Mrs. Bagneris' affidavit, she and Mr. Richard agreed to the judgment. In 1994 Mrs. Bagneris filed to partition the community. On the date of trial the parties agreed to perpetuate their testimony through depositions and submit memoranda, documentation, and sworn descriptive lists.
According to both sworn descriptive lists filed in January, 1995 the community immovable property at 12970 Ashland Drive was valued at $77,000.00. Mrs. Bagneris claimed $29,837.50 (50% of the total) for reimbursement of the rental value of 12970 Ashland Drive during the time that Mr. Richard lived there with Calvin. Mr. Richard claimed $32,407.75 (50% of the total) for reimbursement of his payment of first and second mortgages, property taxes and other community debts.
Mrs. Bagneris and Mr. Richard stated that at the time of their 1988 divorce they agreed to settle the community when Calvin (then 11 years old) reached eighteen years. According to Mrs. Bagneris, the house would be sold or Mr. Richard would "buy out" her 50% share. Mr. Richard was to pay the monthly mortgage until the property was divided, but they never discussed an offset or reimbursement. Mrs. Bagneris stated that at the time of their divorce she had been out of the home for three years working in another city. Mr. Richard testified that Mrs. Bagneris agreed to let Calvin live in the house with him until Calvin was eighteen in order that Calvin would not be uprooted. He agreed there were no discussions relating to reimbursement.
Mr. Richard's cancelled checks were submitted and used to calculate the total reimbursement. According to the appraisal of Jim Thorns, court appointed, 12970 Ashland Drive was worth $77,000. In a separate report Mr. Thorns noted three comparable properties and concluded that the market rental rate for the house was $775 per month.
The trial court valued the house at $77,000 and allocated to Mrs. Bagneris a rental reimbursement *1269 of $29,837.50. Mr. Richard was allocated a reimbursement of $32,755.45 (the total of mortgage payments in Mr. Richard's descriptive list was increased evidently to reflect an additional payment(s)) for payment of the first and second mortgage notes, taxes and community debts. Mr. Richard was awarded 12970 Ashland Drive, its furnishings, and he was to assume the mortgage.
Mr. Richard argues that the trial court erred by determining that he had exclusive use of the home and was liable for rental reimbursement.

LAW AND ANALYSIS
Prior to La.R.S. 9:308B this Court held that after the community regime was terminated by divorce, spouses were co-owners and each spouse had the right to use the property pending a partition without paying rent to the other spouse. Burrell v. Burrell, 518 So.2d 569 (La.App. 4th Cir.1987), citing Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981). Lentz and other appellate decisions held that after the community terminated the co-owner spouses had the right to use the marital home without paying rent provided that the possession or use was not to the exclusion of the other spouse. After the enactment of La.R.S. 9:308B, the decision as to whether to award rental reimbursement was within the sound discretion of the trial court. Burrell, 518 So.2d at 569.
Whether Mr. Richard's use of the house was to the exclusion of Mrs. Bagneris and the trial court's ruling that he was in exclusive control were not determinative of the issue of rental reimbursement. The trial court noted in its reasons that Mr. Richard cited no case and it was unable to locate a case holding that the spouse seeking reimbursement has to show that the spouse using the home did so exclusively. The court considered the facts and equities of the case to decide that reimbursement was proper. The court also noted that the two spouses agreed that Mr. Richard would occupy the house and Mrs. Bagneris never attempted to remove him and move back. Mr. Richard's argument relating to exclusive use of the home has no merit.
La.R.S. 9:308B provided that a spouse who used or occupied the family residence pending partition of community property "shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court."[1] The prior decisions denying rental reimbursement were legislatively overruled by La.R.S. 9:308B (9:308C from 1989), which left "the assessment of a rental factor to the discretion of the courts." Mara v. Mara, 513 So.2d 1220, 1223 (La.App. 4th Cir.1987), writ denied, 517 So.2d 813 (La.1988).
In 1990 La.R.S. 9:308 was repealed and La.R.S. 9:374 enacted. 1990 La.Acts, No. 1009, § 9 and § 7 respectively. R.S. 9:374C contains the same language and affords the trial court the same discretion:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Under La.R.S. 9:374C (as under R.S. 9:308C-9:308B earlier) the decision to award rental value to the nonoccupant co-owner *1270 spouse rests within the discretion of the trial court. Howes v. Howes, 93-2366 (La.App. 4 Cir. 5/26/94), 637 So.2d 1282. There are no set rules and the trial court is in the best position to consider all the facts and circumstances of the case. On appeal this Court considers the equities of each case and will affirm the lower court unless there has been an abuse of discretion. Burrell, 518 So.2d at 569.
When the wife lived rent free at her father's home during the time that the husband lived in the marital home (and she later lived in the family home for months prior to its sale), this Court concluded that the trial court did not abuse its discretion by denying rental reimbursement to the wife. Id. at 569. When a husband lived in the marital home over three years and the wife proved the rental value of the house by means of an expert appraiser, this Court upheld the award of rental reimbursement to the wife. Landwehr v. Landwehr, 547 So.2d 752 (La. App. 4th Cir.1989). This Court has upheld the trial court's choice of different dates for the cut-off as to one spouse's mortgage payment reimbursement and the other spouse's rental reimbursement because it was "probable that the court chose the differing dates in an attempt to `equalize' the parties' positions with regard to the family home." Goins v. Goins, 580 So.2d 477, 480 (La.App. 4th Cir. 1991).
Mr. Richard relies on Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989), and cases from other circuits which do not permit rental reimbursement unless there was an agreement between the spouses or the court ordered the spouse to pay at the time of the award of use of the home. There is a split among the circuits as to the interpretation of La.R.S. 9:374C (formerly 9:308C) and the cited cases do not control.
In Wochomurka the First Circuit relied on Bolden v. Bolden, 524 So.2d 10 (La.App. 1st Cir.1988) which held that the legislature intended that the spouse using the family residence should not be liable for rental reimbursement unless the trial court ordered the payment of rentals at the time of the award of the use of the marital home. In Jones v. Jones, 605 So.2d 689 (La.App.2d Cir.1992), writ denied, 607 So.2d 571 (La.1992), the Second Circuit held that Bolden's interpretation was correct and discounted the other circuits jurisprudence.
The Third Circuit has agreed with this Court that the decision to award rent to a non-occupant spouse rests within the trial court's discretion in Cutting v. Cutting, 625 So.2d 1112 (La.App. 3rd Cir.1993), writ denied, 93-2770 (La. 1/7/94), 631 So.2d 453; Fastabend v. Fastabend, 606 So.2d 794 (La. App. 3rd Cir.1992), writ denied, 609 So.2d 231 (La.1992); Rozier v. Rozier, 583 So.2d 87 (La.App. 3rd Cir.1991); LeBlanc v. LeBlanc, 490 So.2d 763 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 332 (La.1986). But see Herrell v. Herrell, 594 So.2d 943 (La.App. 3rd Cir.1992).
According to Barr v. Barr, 613 So.2d 1159 (La.App. 5th Cir.1993), the Fifth Circuit has not addressed the issue; that decision did not rest upon the statutory interpretation because the record was not silent as to rental reimbursement. However, in Fouchi v. Fouchi, 547 So.2d 1140, 1143 (La.App. 5th Cir. 1989), writ denied, 552 So.2d 385 (La.1989), discussed by Mr. Richard, the Fifth Circuit found that the trial court did not abuse its discretion by denying rental reimbursement to the wife when "the court had before it a panoramic view of this case and clearly did not find an award of rental to be warranted under the particular facts of this case."
Following our settled jurisprudence, this Court has considered the facts, the circumstances of the parties, and the equities involved to determine whether the trial court abused its discretion by reimbursing Mrs. Bagneris for 50% of the monthly rental value of the marital home ($29,839.50) and Mr. Richard for 50% of his payments for mortgages, taxes and community debts ($32,755.45). We are satisfied that the trial court did not abuse its discretion.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 9:308 (originally 9:307 but redesignated) enacted by 1981 La.Acts No. 592 and amended by 1984 La.Acts No. 213 and 1985 La.Acts No. 524, pertained to the award of the use of the family residence to one of the spouses based on certain considerations. Subsection B, added by 1985 La.Acts No. 732, provided for the liability for rental for the occupancy of the family residence by the spouse awarded its use. Subsection B was amended by 1986 La.Acts No. 678 to include the liability of a spouse who used and occupied or was awarded its use. By 1989 La. Acts No. 800 the provision became Subsection C and included liability for the use of the residence pending termination of the marriage or partition of the community. The quoted language remained the same throughout the amendments.