hSULLIVAN, Judge.
This community property partition is before us on remand from the supreme court. The facts are found in our prior opinion, Ecroyd v. Ecroyd, 96-436 (La.App. 3 Cir. 10/9/96); 682 So.2d 788, in which we rendered judgment in favor of plaintiff, Leslie Valentino Ecroyd, ordering defendant, Hank Edmond Ecroyd, to pay his former spouse an equalizing sum of $33,469.34. On December 19, 1997, the supreme court granted Hank’s writ application, remanding the ease to this court with the following order:
Granted. The case is remanded to the court of appeal to reconsider in the light of McCarroll v. McCarroll 96-2700 (La.10/21/97); [701] So.2d [1280].
Ecroyd v. Ecroyd, 96-3058 (La.12/19/97); 706 So.2d 440.
In McCarroll, the supreme court addressed the split among this state’s courts of appeal on “whether an assessment of rent may be made retroactively for a spouse’s occupation of the family home pending partition of the community property.” Id. at p. 16; 701 So.2d at 1288. This split arose from different interpretations of La.R.S. 9:374(C), which provides:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provision of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
(Emphasis added.)
Prior to McCarroll, the first and second circuits relied upon principles of co-ownership to hold that a spouse with the exclusive use of the family home is not liable to the other spouse for rental payments unless the parties so agreed or the trial court ordered the payment of rent at the time of the occupancy. See McConathy v. McConathy, 25,542 (La.App. 2 Cir. 2/23/94); 632 So.2d 1200, writ denied, 94—0750 (La.5/6/94); 637 So.2d 1052; Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1 Cir.1989). The third, fourth, and fifth circuits, however, construed La.R.S. 9:374(C) - as giving the trial court discretion to award rental value “at any time, including retroactively.” McCarroll, p. 18; 701 So.2d at 1289, See Nichols v. Nichols, 95-1290 (La.App. 3 Cir. 3/20/96); 671 So.2d 1069; Rozier v. Rozier, 583 So.2d 87 (La. App. 3 Cir.1991).
In McCarroll, the supreme court settled this split by adopting the former interpretation: “Finding the issue now squarely before us, we hold that rental payments may not be retroactively assessed under La.R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court.” Id. at p. 18; 701 So.2d at 1289 (emphasis added).
The McCarroll decision arose in the context of a lesionary attack on an extrajudicial community property partition. The parties married in 1958, divorced in 1980,, but did not partition their community until 1990. The 1990 partition, in authentic form, memorialized a 1979 verbal agreement in which the wife allegedly relinquished her interest in all community moveable property in her husband’s name in exchange for $5,000.00 cash and use of the family home until the couple’s youngest child turned eighteen. Neither agreement partitioned the home, which the couple continued to own in indivisión. In 1992, the wife sought to set aside the 1990 partition as lesionary, upon learning that the husband received a $300,000.00 retirement package two months after they executed that written agreement.
The trial and appellate courts concluded that the partition was not lesionary, after charging to the wife the rental value of the home that she occupied exclusively for 190 months;- The supreme court, however, held that the partition was lesionary, upon finding that the parties’ agreement about the wife’s occupancy of the home covered only seventy months, or until the youngest child turned eighteen. The supreme court reasoned that charging to the wife rental value for her occupancy beyond the time frame of the parties’ agreement was an, impermissible, retroactive award of rent, in violation of La.R.S. 9:374(C) and the principles of co-ownership:
The use and management of a thing held in indivisión is determined by agreement of *640 all the co-owners. La.Civ.Code art. 801. A co-owner is entitled to use the thing held in indivisión according to its destination, but he cannot prevent another co-owner from making such use of it. La.Civ.Code art. 802. Nevertheless, it is well established that a co-owner need not pay rent to another co-owner for his exclusive use of the co-owned property.
[[Image here]]
Under the principles enunciated in Juneau [v. Laborde, 228 La. 410, 82 So.2d 693 (La.1955)], a co-owner in exclusive possession may be liable for rent, but only beginning on the date another co-owner has demanded occupancy and has been refused. This underlying principle amply supports the requirement that for the assessment of rent under La.R.S. 9:374(C), there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy.
If the parties cannot reach an agreement, either spouse may petition the court for the occupancy of the family home under La.Civ.Code art. 105, and the determination of occupancy and rent is governed by La.R.S. 9:374. At the time occupancy is awarded under La.R.S. 9:374(B), the trial court has the opportunity to weigh the arguments of both spouses on the rent issue at a contradictory hearing. La.R.S. 9:374(B) provides that the trial court shall consider the relative economic status of the parties, the needs of the children, and the effect of the award of the occupancy on alimony and child support. La.R.S. 9:374, when read as a whole, contemplates that any award of rent shall be made in conjunction with the determination of occupancy and in light of the factors in La.R.S. 9:374(B).
Public policy also weighs heavily against the retroactive award of rent under La. R.S. 9:374(C). As is plainly illustrated by the case sub judice, when the community is not partitioned for many years, the retroactive assessment of rent is extremely prejudicial to the occupying spouse. Such retroactive assessment deprives the occupying spouse of the ability to make an informed and meaningful decision regarding his or her finances and housing budget. There is no corollary prejudice to the non-occupying spouse under this interpretation of the statute, since that spouse has the ability to invoke a court proceeding to determine occupancy and rent at any time. La.Civ.Code art. 105.
Id. at pp. 18-20; 701 So.2d at 1289-90 (footnote omitted).
In the present case, the parties separated on August 19, 1992, when Leslie left the matrimonial domicile. They tried the partition suit on March 15 and 16, 1994, but the trial court did not render judgment until fourteen months later, on May 12,1995. The trial court’s previous rulings in the case were silent as to both use and occupancy of the family home and rental payments. In its judgment on the partition suit, the trial court denied Leslie’s claim for the rental value of the home during Hank’s exclusive occupancy.
Citing this court’s decision in Rozier, 583 So.2d 87, and the fourth circuit case of Richard v. Richard, 95-1536 (La.App. 4 Cir. 2/15/96); 669 So.2d 1267, we found [san abuse of the trial court’s discretion, considering the delay between trial and judgment and Hank’s continued occupancy of the home when Leslie wished it sold.
In light of McCarroll, we now find no error in the trial court’s denial of Leslie’s reimbursement claim for the rental value of the home. The record reveals that Leslie could have made her rental request in previous rules on child support and alimony but did not. La.R.S. 9:374(B) provides that the trial court shall consider the occupancy of the family home and the use of other community property in awarding alimony and child support. Thus, a retroactive award of rental reimbursement in the subsequent partition litigation would yield the “extremely prejudicial” result that McCarroll seeks to avoid. Accordingly, we affirm the trial court’s denial of this item of reimbursement ($12,350.00).
In his brief on remand, Hank re-argues several issues discussed in our prior opinion. However, we find that these additional “assignments” are outside the scope of the supreme court’s order on remand, as they do not pertain to any issues in McCarroll. We, therefore, adopt the discussion in our previ *641 ous opinion on the remaining issues that were, originally appealed. The result is that Hank owes Leslie an equalizing payment of $21,119.34. [Leslie should receive her net share of the community ($44,330.89) minus the net reimbursement owed to Hank ($6,069.85), or $38,261.84. Because assets allocated to her totaled only $17,142.50, she is entitled to the difference of $21,119.34.]
Decree
For the above reasons, the judgment of the trial court is amended to increase the equalizing sum owed by Hank Edmund Ee-royd to $21,119.34. Costs associated with this remand are assessed to Leslie Valentino Ecroyd.
AFFIRMED AS AMENDED AND RENDERED.